HYMAN LISS, appellant,

*v.*

LOUIS E. GOLDFARB et al., respondents.

[Decided January 31st, 1927.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Berry, who filed the following opinion:

"The motion on behalf of defendants to strike out the bill of complaint in this cause will be granted, with costs. The bill discloses no grounds for equitable relief except such as

may have been presented to this court in the foreclosure proceedings referred to in the bill of complaint. Obviously, the relief of reconveyance of the properties involved could not be had because on the complainant's own statement, the title is now vested in various *bona fide* purchasers for value without notice. The only relief which this court could, under any circumstances, award to the complainant, would be an accounting by certain of the defendants, but such accounting could have been had either in the suit for foreclosure of the first mortgage or in the strict foreclosure suit mentioned in the bill of complaint. Not having availed himself of the opportunity to ask for an accounting in those suits, that relief is not available here. There are no allegations in the bill which would indicate in what particular service of process on this complainant in the foreclosure suit referred to was defective, and while it is possible that the particulars of such defect need not be specifically alleged (which point, however, I do not now decide), it is quite apparent from the bill that the complainant had complete and full knowledge of the foreclosure proceedings referred to and could have had himself made a party to the bill had he so desired, and there presented his claim for an accounting, or might even have applied to reopen the decree and been permitted to interpose a defense, if he was not properly served with process. Aside from that, complainant might very well have obtained all relief to which he was entitled in the strict foreclosure proceeding. His long delay after the sale under foreclosure and after the dismissal of the strict foreclosure suit to assert any rights whatever against any of the defendants constitutes such laches as to now bar him from relief in this court. The most that can be said of the bill of complaint is that it states a possible basis for an action at law for damages for breach of contract."

*Mr. Michael J. Tansey,* for the appellant.

*Messrs. Lum, Tamblyn & Colyer,* for the respondents.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Berry.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.

*For reversal*—None.